**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ROBERT MURRAY,**

                          **Plaintiff,**                  **08-CV-00169(Sr)**

**v.**

**SUPT. R. KIRKPATRICK, et al.,**

                          **Defendant.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #11.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was assaulted by corrections officers and denied adequate medical treatment for injuries sustained during that incident. Dkt. ##1 and 8. Plaintiff further alleges that his due process rights were violated and that corrections officers retaliated against him for filing grievances. *Id*. Plaintiff argues that by reason of his imprisonment his ability to litigate the issues will be greatly limited, that

he has limited access to the law library and limited knowledge of the law.  Dkt. #11.  Moreover, plaintiff claims that a trial of this matter will likely involve conflicting testimony and that counsel will better enable plaintif to present evidence and to cross examine witnesses.  Dkt. #11.  To the contrary, the facts and issues in this case, *to wit*, whether defendants used excessive force, whether they retaliated against him and denied him due process, are not complex.  Moreover, plaintiff has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.  In fact, plaintiff has demonstrated an ability to articulate his legal theories to the Court and plaintiff's testimony concerning the alleged incident and the extent of his pain and suffering will be the best evidence of his damages.  Thus, plaintiff has not established that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel (Dkt. #11), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:  Buffalo, New York
March 23, 2009

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**